IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MURPHY, | Civil Action No.: 2:23-cv-01199-GEKP |
| Plaintiffs, | |
| vs. | |
| AMICA MUTUAL INSURANCE COMPANY, | |
| Defendants. | |

**ANSWER OF DEFENDANT AMICA MUTUAL INSURANCE COMPANY TO PLAINTIFF'S COMPLAINT WITH SEPARATE DEFENSES**

Defendant Amica Mutual Insurance Company ("Defendant") says by way of Answer to Plaintiff Christopher Murphy's ("Plaintiff") Complaint as follows:

**I.   NATURE OF THE ACTION.**

1. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to her proofs.

**II.   JURISDICTION AND VENUE**

2. Denied as the allegations of this paragraph are conclusions of law to which no response is required.

**III.   THE PARTIES**

3. Admitted only that the identified plaintiff is the Plaintiff in the herein action. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations contained in this paragraph.

11412871

1

4. Admitted only that the identified defendant is the Defendant in the herein action. This Defendant is without sufficient knowledge or information to form a belief regarding the truth of the remaining allegations contained in this paragraph.

**IV.     MATERIAL FACTS**

5. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

6. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

7. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

8(a)-(f)     Denied as to this Defendant as conclusions of law.

9. Denied as to this Defendant as conclusions of law.

10. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

11. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

12. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs

**V.     CAUSE OF ACTION – BREACH OF CONTRACT**

13. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to her proofs.

14. The foregoing paragraph refers to a document that speaks for itself. Further, Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

15. The foregoing paragraph refers to a document that speaks for itself. Further, Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

16. The foregoing paragraph refers to a document that speaks for itself. Further, Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

17. The foregoing paragraph refers to a document that speaks for itself. Further, Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

18. Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

19. Denied as to this Defendant as conclusions of law.

20. The foregoing paragraph refers to a document that speaks for itself. Further, Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

21. The foregoing paragraph refers to a document that speaks for itself. Further, Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

22. The foregoing paragraph refers to a document that speaks for itself. Further, Defendant does not have sufficient knowledge or information from which to form a belief as to the allegations of this paragraph and therefore leaves Plaintiff to his proofs.

23. Denied as to this Defendant as conclusions of law.

24. Denied as to this Defendant as conclusions of law.

## VI. PRAYER FOR RELIEF

WHEREFORE, Defendant demands judgment dismissing this Complaint with interest and court costs.

## SEPARATE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint is barred by virtue of the Doctrine of Estoppel, Doctrine of Laches, Doctrine of Waiver and/or the Doctrine of Unclean Hands.

3. Defendant, at all times relevant, acted timely, reasonably and in good faith.

4. Defendant did not breach the Policy, or any duty it owed to Plaintiff.

5. Defendant complied with all applicable laws, regulations, and standards.

6. Any recovery by Plaintiff is limited and/or barred because Plaintiff failed to mitigate any alleged injuries or damages allegedly sustained by Plaintiff.

7. Defendant believes, and therefore avers, that the injuries, if any, allegedly sustained by Plaintiff was directly and proximately caused by the contributory and/or comparative negligence of the Plaintiff and all claims are therefore barred or limited by the applicable provisions of the Pennsylvania Comparative Negligence Act, 42. Pa.C.S.A. §7102.

8. Some or all of Plaintiff's claims are frivolous.

9. Plaintiff's Complaint is barred by the applicable Statue of Limitations.

11412871

10. Plaintiff's claims are barred by any step down clauses in alternate insurances available to Plaintiff.

11. Factual issues remain as to whether coverage is available and/or whether other coverage is available and/or whether there is any viable claim against Defendant.

12. Defendant complied with all contractual terms set forth in the Policy.

13. Plaintiff breached the contractual terms in the Policy and/or did not otherwise comply with the terms of the Policy.

14. Defendant is entitled to all credits and defenses under the law.

15. To the extent Plaintiff had prior issues, accidents, surgeries and conditions that injured/effected the same body parts she is attempting to attribute solely to this accident, Plaintiff's claims shall be limited.

16. Superseding and/or intervening events bar some and/or all of Plaintiff's claims to the extent they exist.

17. Plaintiff did not mount the verbal threshold.

18. Plaintiff's injuries are not permanent.

19. No causation exists between the alleged incident and the injuries complained.

20. Plaintiff did not provide the requisite physician's certification.

21. Plaintiff asserts causes of action to which are not permissible under law.

22. Defendant shall rely upon all relevant statutes and defenses contained therein.

23. Insurance coverage under Policy for the claims may be precluded by the applicable provisions, terms, definitions, conditions, endorsements, limitations and/or exclusions of such policies.

11412871

24. Plaintiff has the burden of proving the existence of any insurance policy allegedly issued by Defendant as well as the terms, conditions, endorsement and/or limits of any such policy before Defendant owes any duty or obligation to another person, and then, any such duty or obligation is still subject to the terms, conditions, exclusions, definitions, provisions, endorsements and limits of liability of any such policies.

25. To the extent that the Policy provide coverage for the claims, the costs of any covered claim are pro-rated among all policies in effect during a triggered period and among all self-insured periods.

26. To the extent that Plaintiff failed to provide written notice of a claim at the time it appeared that the occurrence(s) for which it now seeks coverage appeared likely to involve indemnity, there is no coverage under the Wausau policy for such claims.

27. Plaintiff's claims are barred in whole and/or in part due to his pre-existing history and condition.

                                                      CAPEHART & SCATCHARD, P.A.

Dated: April 3, 2023                    */s/ Charles F. Holmgren*
                                                      Charles F. Holmgren, Esq.
                                                      CAPEHART & SCATCHARD, P.A.
                                                      8000 Midlantic Drive, Suite 300S
                                                      Mount Laurel, NJ  08054-5016
                                                      (856)234-6800
                                                      cholmgren@capehart.com
                                                      Attorney I.D. No. 306906

11412871

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE: Defendant Amica Mutual Insurance Company hereby demands a trial by jury of 12 as to all issues herein.

**CAPEHART & SCATCHARD, P.A.**

Dated: April 3, 2023

*/s/ Charles F. Holmgren*
Charles F. Holmgren
Attorneys for Defendant
Amica Mutual Insurance Company

## NOTICE PURSUANT TO RULES 5(a) AND 33

PLEASE TAKE NOTICE that pursuant to the above-cited Rules, the undersigned attorneys demand that parties serving pleadings and interrogatories and receiving responses thereto provide the undersigned attorneys with copies of the pleadings, interrogatories, documents, papers and materials received from other parties to this suit.

TAKE NOTICE: This is a continuing demand.

**CAPEHART & SCATCHARD, P.A.**

Dated: April 3, 2023

*/s/ Charles F. Holmgren*
Charles F. Holmgren
Attorneys for Defendant
Amica Mutual Insurance Company

11412871

## VERIFICATION

I, Charles F. Holmgren, Esquire, aver that I am the attorney for Defendant Amica Mutual Insurance Companyin the herein matter and I state that the averments contained in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

**CAPEHART & SCATCHARD, P.A.**

Dated: April 3, 2023

*/s/ Charles F. Holmgren*
Charles F. Holmgren
Attorneys for Defendant
Amica Mutual Insurance Company

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that service of a true and correct copy of Defendant Amica Mutual Insurance Company's Answer with Separate Defenses was served on April 3, 2023 by CM/ECF upon counsel listed below.

Stanley E. Luongo, Jr., Esq.
Attorney for Plaintiff
126 West Miner Street
West Chester, PA 19382
**Attorney for Plaintiff**

**Via CM/ECF**

**CAPEHART & SCATCHARD, P.A.**

Dated: April 3, 2023

*/s/ Charles F. Holmgren*
Charles F. Holmgren
Attorneys for Defendant
Amica Mutual Insurance Company

11412871